In the Matter of JAMES ZEBO, Respondent, v. ESTHER ZEBO, Appellant.— Memorandum: The report should have been given to the attorneys for the parties in accordance with the stipulation. It does not appear, however, that it was asked for by them, and the result reached was clearly supported by the evidence. Custody of the child is not to be disturbed until the end of the school term in January, 1962. All concur, except Williams, P. J., who dissents and votes to reverse and to grant a new trial of all the issues in accordance with the following memorandum: In this custody proceeding, after both parents had rested, they stipulated that the Erie County Probation Department should make an investigation and report back to the court and that the report should be available for inspection by the respective attorneys as well as the court. Under a fair interpretation of this stipulation, after the report was received by the court it should have been delivered to each of the attorneys so that they might examine it and have an opportunity to meet, by formal testimony, the hearsay statements contained therein. Although not shown in the record, it is not disputed that after the Trial Justice had reached a decision he then read parts of the report to the attorneys. Neither of them has ever seen the actual report. Under such a stipulation the attorneys should not have been required to request copies from the court, particularly after it appeared that the case had already been decided. In *People v. Schlanger* (8 A D 2d 801), referring to a report of a family counselling unit and a psychologist, the court stated: "For example, avenues of inquiry may be opened up from information gleaned from the reports and

such information may well form the basis of questions put to witnesses during the course of the proceeding." This case and others hold that such records may merely be used as an aid to the court but not as the basis for the court's decision (*Herb* v. *Herb*, 8 A D 2d 419). While the report in question was not confidential in a technical sense, it was so treated inasmuch as it was not freely and fully given to the attorneys for the parties. Courts should be cautious not only that such reports not be made a substitute for proper and adequate evidence but should be so used that every party involved has a copy and has the right, upon subsequent hearings, to present additional testimony. This was indicated in the *Schlanger* case. " The use of confidential reports * * * is giving rise to manifest appellate concern " (Goebel, Family Law, 35 N. Y. U. Law Rev. 1552, 1558). The matter should continue to give the courts concern. I think it is time for a dogmatic rule that reports such as this, even though intended, in a sense, to be " confidential " must be given to the parties, with an opportunity to call witnesses thereafter. They should be made parts of judgment rolls although the court may require that they be sealed. No less than this will be sufficient to fully protect the rights of the parents and the children involved. The respondent endeavors to justify the position of the court on the strength of *Kesseler* v. *Kesseler* (10 A D 2d 935). There the court, in reiterating its position in the *Schlanger* case and approving the *Herb* case, stated that such reports should not form the basis of a decision. It was stated, however, that the Trial Term's decision was based in major part on the testimony and documentary evidence and that, disregarding the confidential report, as the trial court should have done, ample evidence was found in the record to sustain the determination. That same might be said about the case before us. But it seems that this reasoning overlooks the fact that the report was not a part of the record, that it might have influenced the factual determinations of the Trial Judge and that there was no opportunity to meet the contents of the report by formal testimony. We said in the *Herb* case (p. 422): " The evidence upon which the court acts should be known by the parties to the proceeding. It is a fundamental concept of our judicial process that decisions in civil actions and proceedings should not be made upon secret evidence available only to the eyes of the trial judge and members of an appellate tribunal * * * Moreover, parents may not stipulate that a decision involving the welfare of an infant may be made upon information available only to the court." In the present case it hardly need be stated that the infant, the party of paramount interest, was no party to the stipulation and the court should have been scrupulous in seeing not only that the ultimate rights of the infant were protected but that the procedures were accurate. (Appeal from final order of Erie Supreme Court granting custody of infant to the father.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.